UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 21-62152-CIV-DIMITROULEAS/HUNT

TRACIE CORNELL,

        Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner for Social Security,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Parties' Cross Motions for Summary Judgment. ECF Nos. 31, 33. The Honorable William P. Dimitrouleas, United States District Judge, referred this matter to the undersigned United States Magistrate Judge for a Report and Recommendation. *See* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motions, the entire case file, the applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Plaintiff's Motion for Summary Judgment, ECF No. 31, be GRANTED IN PART and that Defendant's Motion for Summary Judgment, ECF No. 33, be DENIED.

## BACKGROUND

Tracie Cornell ("Plaintiff") filed an application for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income on December 26, 2018, alleging disability beginning on March 12, 2015. ECF No. 31 at 2. The Social Security Administration ("SSA") denied her claim at the initial and reconsideration levels. *Id.* A

hearing on Plaintiff's disability claim took place on September 21, 2020, with a supplemental hearing on January 25, 2021.  *Id.*   An Administrative Law Judge ("ALJ") issued an unfavorable decision denying Plaintiff's claim on February 9, 2021.  *Id.* at 2–3. The Appeals Council denied Plaintiff's request for review of the ALJ's unfavorable decision on September 3, 2021.  *Id*.  Plaintiff now seeks judicial review of the ALJ's decision.

## Social Security Framework

To determine whether a claimant is disabled, the Social Security Regulations outline a five-step process:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functioning capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

Here, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 3, 2018.  ECF No. 28 at 586.  At step two, the ALJ found that Plaintiff had the following combination of severe impairments: chronic liver disease and diverticulosis.  *Id*.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404.  *Id.* at 587.  At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R.

§§ 404.1567(b) and 416.967(b) with some exceptions. *Id.* at 588-89. The ALJ determined that Plaintiff could perform past relevant work as a telemarketer, and as a result found that Plaintiff was not disabled. *Id.* at 591.

## **STANDARD OF REVIEW**

Judicial review of the ALJ's decision in a disability case is "limited to an inquiry into whether there is substantial evidence to support the findings of the [ALJ], and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d, 1219, 1221 (11th Cir. 2002) (citing 42 U.S.C. § 405(g)). Whether the ALJ applied the correct legal standards is a question of law, which this Court reviews de novo. *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). In determining whether substantial evidence exists, the court must scrutinize the record in its entirety, "taking into account evidence favorable as well as unfavorable to the decision." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). Even if the evidence preponderates against the ALJ's decision, the reviewing court must affirm if the decision applies the correct legal standard and is supported by substantial evidence. *See Crawford*, 363 F.3d at 1158–59.

## ANALYSIS

Plaintiff argues that the ALJ's evaluation of Plaintiff's subjective complaints was unsupported by substantial evidence. Specifically, Plaintiff claims the ALJ failed to properly evaluate Plaintiff's complaints of difficulty speaking on a frequent basis due to her esophageal stricture/dysphasia. ECF No. 31 at 6. Plaintiff argues that although there was testimony regarding frequent voice loss due to her esophageal impairments, the ALJ did not discuss these impairments while deciding she could return to her past work as a telemarketer.

> The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction.

*Strickland v. Colvin*, No. CV 112-171, 2014 WL 61348, at *3 (S.D. Ga. Jan. 7, 2014) (citing *Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir.1991) (*per curiam*)) (internal citations omitted).

"If a claimant provides subjective testimony on the severity of his symptoms . . . the ALJ 'must articulate explicit and adequate reasons' for rejecting the complaints." *Taylor v. Comm'r of Soc. Sec.*, No. 21-12804, 2022 WL 1634086, at *6 (11th Cir. 2022) (quoting *Foote*, 67 F.3d at 1561-62). The Commissioner acknowledges that the ALJ did not specifically refer to Plaintiff's complaints regarding voice loss. However, the Commissioner argues that this is not reversible error as the ALJ extensively discussed her medical condition as a whole and considered that condition when determining that Plaintiff could still perform her past relevant work. The Commissioner points to the ALJ's

discussion of various alleged esophageal issues, difficulty swallowing, issues due to diverticulitis, and claimed weight loss, to argue that the ALJ adequately considered Plaintiff's medical condition as a whole in making the determination and did not need to further discuss additional evidence.

Given the Commissioner's acknowledgment, as well as a review of the decision, it is clear that the ALJ did not articulate explicit and adequate reasons for discounting Plaintiff's complaints about her vocal ability when finding she could perform her past relevant work as a telemarketer.  The undersigned will nonetheless consider whether the discussion as a whole is so clear as to amount to a finding that would encompass these particular complaints.  The undersigned finds that it does not.

Going through the relevant portions of the decision, the ALJ first discussed the testimony of Dr. Subramaniam I. Krishnamurthi, a medical expert, who "indicated that there was evidence of esophageal dysphagia, but did not think it would affect the claimant's functioning."  ECF No. 28 at 588.  The ALJ also extensively discussed Plaintiff's history of medical complaints and noted that the complaints were often "greater than expected in light of the objective evidence of record." *Id.* at 588-89.

Interestingly, although the ALJ found that the "description of the symptoms and limitations that the claimant provided throughout the record and in her testimony is inconsistent and unpersuasive," *Id.* at 591, she also found that the "claimant's medically determinable impairments could reasonably be expected to produce the . . . alleged symptoms." *Id.* at 590. Still, the ALJ found that the alleged "intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.*  The ALJ determined the alleged symptoms would

"affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence." *Id.*

Regarding the Plaintiff's description of her daily activities, the ALJ found that "two factors weigh against considering these allegations to be strong evidence in favor of finding the claimant disabled." *Id.* at 591.  First, the ALJ found that the claims could not be objectively verified with a reasonable degree of certainty.  Second, even if the alleged limitations were real, the ALJ found it difficult to attribute the degree of limitation to a medical condition.  In the end, the ALJ concluded Plaintiff's allegations of limited daily activities were outweighed by the other factors.

Reading through the ALJ's findings, summarized above, the undersigned cannot say that the ALJ's opinion on Plaintiff's claims is so clear as to amount to a specific finding regarding Plaintiff's subjective complaints regarding her vocal abilities.  Instead, it seems a better interpretation is that the ALJ at most found that the symptoms were not as bad as Plaintiff claimed.   Given this, the undersigned finds that it is a significant oversight not to explicitly discuss any potential limitations, however small, of a claimant's vocal abilities when finding the claimant could nonetheless perform her past work as a telemarketer.  Such a job requires extensive use of one's voice, and absent such a discussion, it is impossible to say whether substantial evidence supports the ALJ's finding that Plaintiff could still perform her past relevant work.

Such a finding would usually require the case be remanded for further consideration, so as to allow the ALJ to make explicit determinations regarding Plaintiff's vocal abilities.  Plaintiff, however, notes that Plaintiff's last substantial gainful activity was

more than 15 years ago.  As such, Plaintiff argues, she would have no past relevant work and a finding of disability would be directed given her age and conditions.

The undersigned finds Plaintiff's arguments unpersuasive.  "The applicable regulation states that the Commissioner will 'usually' not consider work a claimant performed more than 15 years before the adjudication date because jobs change over time, such that skills and abilities obtained years ago may no longer be applicable." *Gonzalez v. Comm'r of Soc. Sec.*, No. 617CV1615ORL41DCI, 2018 WL 3150253, at *5 (M.D. Fla. May 7, 2018), *report and recommendation adopted*, No. 617CV1615ORL41DCI, 2018 WL 3135967 (M.D. Fla. June 27, 2018) (citing 20 C.F.R. § 416.965(a)).  Courts have found the 15 year look-back period is not a bright line rule, however*.  See, e.g., id*. ("The use of the word 'usually' should lead one to the understanding that that 15 year look-back period should not be applied rigidly, an understanding consistent with SSR 82–62's discussion of the 15 year look-back period."). It is possible that an ALJ, upon reconsideration, could still find that Plaintiff could perform work as a telemarketer and that circumstances – that this Court is not privy to – are such that her prior work should be considered outside of the traditional look-back period.  The undersigned finds such considerations are best left to the ALJ and would therefore deny Plaintiff's request.

## **RECOMMENDATION**

For the reasons set forth above, the undersigned hereby RECOMMENDS that Plaintiff's Motion for Summary Judgment ECF No. 31, be GRANTED IN PART, that Defendant's Motion for Summary Judgment, ECF No. 33, be DENIED, and that the case be REMANDED for further consideration commensurate with this report.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); see *Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 2nd day of August 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable William P. Dimitrouleas
All Counsel of Record